**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **COLUMBIANA FOUNDRY, INC.** | ) | **CASE NO.  4:05 CV 00963** |
| | ) | |
| | ) | |
| **PLAINTIFF** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AMERICAN METAL BEARING** | ) | **MEMORANDUM OPINION** |
| **COMPANY** | ) | **AND ORDER** |
| | ) | |
| **DEFENDANT** | ) | |

This matter is before the Court, *sua sponte*, upon the Notice of Removal Pursuant to 28 U.S.C. § 1441 filed by the Defendant, American Metal Bearing Company.  <u>See</u> (Dkt. # 1).

**I.**

On February 16, 2005, the Plaintiff, Columbiana Foundry, Inc. ("Columbiana Foundry, Inc."), an Ohio corporation having its principal place of business in Ohio, filed a complaint against the Defendant, American Metal Bearing Company ("AMBC") in the Court of Common Pleas, Columbiana County, Ohio ("Columbiana County Court of Common Pleas") alleging breach of contract.  <u>See</u> (Dkt. # 1, Ex. A).  The Complaint specifically requested relief in the amount of $28,625.61 plus costs and interest.  <u>See</u> (Dkt. # 1, Ex. A).

AMBC filed its Notice of Removal Pursuant to 28 U.S.C. § 1441 on April 14, 2005 thereby invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441.  See (Dkt. # 1).  In said Notice, AMBC asserted that it possessed California citizenship and that Columbiana Foundry was a citizen of the state of Ohio.  See (Dkt. # 1 ¶¶ 2,4). AMBC acknowledged that Columbiana Foundry's complaint sought relief in an amount below the $75,000.00 jurisdictional threshold established by 28 U.S.C. § 1332(a); however, it alleged that it "had" a counterclaim seeking $138,062.00.  See (Dkt. # 1 ¶¶ 5-11).  Therefore, according to AMBC, "the amount in controversy [was] greater than $75,000.00." (Dkt. # 1 ¶ 5.)

**II.**

The district court has a "continuing obligation" to enquire into the basis of subject-matter jurisdiction to satisfy itself that jurisdiction to entertain an action exists. Nationwide Mut. Ins. Co. v. Cisneros, 52 F.3d 1351, 1361 (6th Cir.1995).  This is particularly so in removal actions, where "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded [to the state court]."  28 U.S.C. § 1447 (c).  "Unlike other issues not involving the merits of a case, subject-matter jurisdiction may be raised at any time, by any party or even *sua sponte* by the court itself."  Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir.1992); accord FED. R. CIV. P.12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  Jurisdiction may not be presumed and may not be gained by consent, inaction, or stipulation.  See Sweeton v. Brown, 27 F.3d 1162, 1168 (6th Cir.1994).

2

AMBC invokes this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441.  Title 18 of the United States Code, section 1441 provides, in pertinent part,

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States may have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for district and division embracing the place where such action is pending . . . .

> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §1441.  AMBC asserts that the diversity statute – 28 U.S.C. § 1332 – vests this Court with original jurisdiction and 28 U.S.C. § 1441 therefore authorizes removal of the action.

Federal courts possess diversity jurisdiction over suits between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  See 28 U.S.C. § 1332 (a).  As the party invoking federal jurisdiction, AMBC bears the burden of proving the requirements of diversity jurisdiction.  See Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000).  The determination of diversity jurisdiction in a removed case generally is made as of the time of removal.  See Dawalt v. Purdue Pharma, L.P., 397 F.3d 392 (6th Cir. 2005).

It is undisputed that Columbiana Foundry is a citizen of the state of Ohio and AMBC is a citizen of California.  Consequently, the jurisdictional question presented by AMBC's

Notice of Removal is whether the defendant has demonstrated that the amount in controversy exceeds $75,000.00.

As discussed *supra*, in diversity cases, a district court has jurisdiction "where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Generally, because the plaintiff is the "master of the claim," a claim for specifically less that the jurisdictional amount precludes removal. Gafford v. General Electric Co., 997 F.2d 150, 157 (6th Cir. 1993) (internal citations omitted). To dismiss on jurisdictional grounds, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Gafford, 997 F.2d at 157 (emphasis removed).

A straightforward reading of the applicable statutes and precedents reveals that the present action does not satisfy the amount in controversy requirement. Columbiana Foundry seeks monetary damages in its complaint that fall dramatically short of the jurisdictional threshold. AMBC nevertheless contends that the damages asserted in its counterclaim render the total amount in controversy in excess of $75,000.00.

AMBC apparently attempts to sidestep the longstanding principle that federal jurisdiction is determined at the time of removal. See Coyne v. Am. Tobacco Co., 183 F.3d 488, 492(6th Cir. 1999). While AMBC avers that it "has a counterclaim", (Dkt. # 1 ¶ 5), the record before the Court reveals no such counterclaim was filed in the Columbiana Court of Common Pleas. It is well-established that to remove a civil action from state court to federal court, the following pleading requirements must be met: (1) the defendant or defendants must file in the district court a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the

4

grounds for removal, *along with a copy of all pleadings and orders served upon the defendant or defendants*; and (2) the notice of removal must be filed within 30 days of receiving the complaint or summons, whichever period is shorter, or within 30 days of receiving an amended pleading, motion, order, or "other paper" from which the removability of the action may first be ascertained.  <u>See</u> 28 U.S.C. § 1446(a), (b).  AMBC did not file with the Court any such counterclaim.  Accordingly, it appears beyond a legal certainty that this action does not meet the amount in controversy requirement of 28 U.S.C. § 1332.

Notwithstanding the lack of any counterclaim in the record before the Court, the presence of a counterclaims lacks any legal relevance in determining the amount in controversy for diversity purposes.  While the United States Court of Appeals for the Sixth Circuit has not directly addressed this issue, it has referred approvingly to the traditional rule that "no part of the required jurisdictional amount can be met by considering a defendant's counterclaim to satisfy the amount in controversy requirement for removal jurisdiction purposes." <u>Sanford v. Gardenour</u>, 2000 U.S. App. LEXIS 17566, 2000 WL 1033025, at *3 (6th Cir. July 17, 2000) (citing the case relied upon by the present defendant, <u>Swallow and Assoc. v. Henry Molded Prods., Inc.</u>, 794 F. Supp. 660 (E.D. Mich. 1992)).  Controlling precedent also has consistently held that the amount in controversy for federal diversity jurisdiction purposes is determined as of the time the action is commenced.  <u>See Klepper v. First American Bank</u>, 916 F.2d 337, 340 (6th Cir. 1990); <u>Sellers v. O'Connell</u>, 701 F.2d 575, 578 (6th Cir. 1983); <u>Worthams v. Atlanta Life Ins. Co.</u>, 533 F.2d 994, 997 (6th Cir. 1976).  Furthermore, only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  <u>See Caterpillar, Inc. v. Williams</u>,

482 U.S. 386, 392 (1987); Rogers, 230 F.3d at 871.  Taken together these cases suggest that the amount in controversy for purposes of diversity jurisdiction, at least in the context of removal, should be determined solely by considering the plaintiff's complaint.[1]  Supporting this conclusion is the Court's mandate to narrowly construe the removal statutes to ensure "due regard for the rightful independence of state government."  Shamrock Oil Corp. v. Sheets, 313 U.S. 100, 107-109 (1941); see also Long v. Bando Manufacturing of America, Inc., 201 F.3d 754, 757 (6th Cir. 2000) (explaining that because the removal statutes implicate federalism concerns, they are to be narrowly construed against removal).  Accordingly, AMBC has failed to demonstrate that the amount in controversy exceeds $75,000.00.

A further factor compelling a remand, albeit one that arises from more prudential than jurisdictional concerns, is the existence of a parallel action between the parties in the United States District Court for the Central District of California.  There, AMBC is the plaintiff and Columbiana Foundry is the defendant.  See (Dkt. # 1 ¶ 8).  AMBC's complaint in the California action appears to be the counterclaim which it purportedly "has" in the present

_____

[1]The Court recognizes the current circuit split regarding the impact of the supplemental jurisdiction statute, 28 U.S.C. § 1367, on the amount in controversy requirement of 28 U.S.C. § 1332, particularly in the context of class action proceedings under FED. R. CIV. P. 23.  See generally Allapattah Servs., Inc. v. Exxon Corp., 362 F.3d 739 (11th Cir. 2004), cert. granted, 160 L. Ed. 2d 221, 125 S. Ct. 317 (2004). However, it is noteworthy that the debate generally occurs where at least one plaintiff to the action meets the amount in controversy requirement.  See, e.g., Olden v. Lafarge Corp., 383 F.3d 495 (6th Cir. 2004) (addressing whether amount in controversy could be satisfied by aggregating the claims of several putative class members notwithstanding whether several other plaintiffs satisfied the $75,000.00 requirement). Consequently, these cases are inapposite because here no plaintiff, or aggregation of the plaintiff's claims, satisfies the amount in controversy requirement.

6

action.  See (Dkt. # 1 ¶ 10).  Moreover, Columbiana Foundry has filed a motion to dismiss

that action for lack of personal jurisdiction and AMBC alleges:

> It is possible that the Motion to Dismiss will be granted by the Central District
> of California Court.  In that event, [AMBC's] claim will become a compulsory
> counterclaim.  In the alternative, should the motion not be granted, AMBC
> wishes to remove Columbiana Court of Common Pleas case number 2005
> CV171 to Federal District Court for the Northern District of Ohio, Eastern
> Division, so that it may be consolidated with case number SA CV 05-204DOC
> (MLGx) now pending in the Central District of California, Santa Anna
> Division.

(Dkt. # 1 ¶ 11).

The first-to-file rule provides that "when identical suits are pending in two courts, the

court in which the first suit was filed should generally proceed to judgment."  Plating

Resources, Inc. v. UTI Corp., 47 F. Supp.2d 899, 903 (N.D. Ohio 1999) (quoting In re

Burley, 738 F.2d 981, 988 (9th Cir. 1984)).  "Courts should invoke the rule when two suits

involving substantially the same parties and purpose have been filed in a concurrent

jurisdiction." Id. (citing Barber-Greene Co. v. Blaw-Knox Co., 239 F.2d 774, 778  (6th Cir.

1957)).   In determining whether the first-to-file rule warrants a dismissal or transfer, courts

generally consider: (1) the chronology of the actions; (2) the similarity of the parties; and

(3) the similarity of the issues in each case.  See id. Chronology is determined by the dates

upon which the parties filed their original complaints.  See Zide Sport Shop Of Ohio, Inc. v.

Ed Tobergte Assocs., Inc., 16 Fed. Appx. 433 (6th Cir. July 31, 2001).

Although application of the first-to file rule is discretionary, the "rule's importance

'should not be disregarded lightly.'" Plating Resources, 47 F. Supp.2d at 903 (quoting Church

of Scientology v. United States Dept. of the Army, 611 F.2d 738, 750 (9th Cir. 1979)).

7

All of the foregoing factors reveal that AMBC's attempt to invoke this court's subject matter jurisdiction – which as discussed *supra*, AMBC has failed to accomplish – likewise falls short of complying with the first to file rule. Assuming *arguendo* that AMBC properly invoked this court's subject matter jurisdiction, such removal nevertheless would run afoul of the first-to-file rule. Simply, beyond the issue of subject matter jurisdiction, AMBC's Notice of Removal is premature.

**III.**

Accordingly, the Court hereby finds that the Defendant's Notice of Removal Pursuant to 28 U.S.C. § 1441 does not present sufficient allegations to invoke and support this Court's subject matter jurisdiction as provided in 28 U.S.C. § 1332, 1441. Pursuant to 28 U.S.C. § 1447(c) this case is **REMANDED** to the Court of Common Pleas, Columbiana County, Ohio.

 **IT IS SO ORDERED.**

> */s/ Peter C. Economus* **- April 22, 2005**
> **PETER C. ECONOMUS**
> **UNITED STATES DISTRICT JUDGE**